**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OHIO VALLEY ENVIRONMENTAL )
COALITION, )
725 14th Street West )
Huntington, WV  25704 )
)
      Plaintiff, )
) Case No.
      v. )
)
UNITED STATES DEPARTMENT OF ) **COMPLAINT FOR DECLARATORY**
ENERGY, ) **AND INJUNCTIVE RELIEF**
1000 Independence Ave., SW )
Washington, DC  20585 ) (Freedom of Information Act Case)
)
      Defendant. )
)
)
_____ )

**STATEMENT OF THE CASE**

1.     Plaintiff Ohio Valley Environmental Coalition ("OVEC") asserts violations of the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by Defendant United States Department

of Energy ("DOE" or "Agency") for failing to issue a timely final determination on OVEC's

records request concerning DOE financial support of a proposed petrochemical complex in Ohio

to be developed by PTT Global Chemical America ("PTTG"), and for failure to promptly make

responsive records available, records that DOE acknowledged to be in its possession.

2.     On August 12, 2019, OVEC submitted its FOIA request. Exhibit A ("Request").

OVEC informed DOE that it would accept a rolling release of records responsive to the Request.

*Id.* at 8.

3.     On August 16, 2019, DOE acknowledged receipt of the request and assigned it

tracking number HQ-2019-01247-F. Exhibit C.

4.      In November 2019, DOE informed OVEC that it searched for documents and that the search had returned responsive records. Exhibit I. DOE then decided to run the responsive records through "various stages of upper level review." *Id.*; *see also* Exhibit J (informing OVEC that, nearly three months later, some "entities . . . have reviewed and responded back" but "a few equities" had yet to respond).

5.      DOE's responsive records to OVEC's Request are of great public interest and importance for several reasons. First, the PTTG petrochemical complex ("PTTG complex") is expected to have a production capacity of 1.5 million metric tons/year of the chemical ethylene, the building block of plastics.[1] Plastics production is harmful to frontline communities and environmental health.[2] Second, operating at its anticipated production capacity, the PTTG complex would release over 1.7 million tons/year of $CO_2e$, i.e., greenhouse gases.[3] That amount of greenhouse gas emissions is among the highest of any of the projected new or expanded petrochemical projects in the United States.[4] Last, PTTG has repeatedly delayed making a final investment decision on whether it will move forward with the project,[5] impacting local

_____

[1] Ctr. for Int'l Envtl. Law, *Plastic and Climate: The Hidden Cost of a Plastic Planet* 49 (May 2019), https://www.ciel.org/wp-content/uploads/2019/05/Plastic-and-Climate-FINAL-2019.pdf [hereinafter *Plastic and Climate*].

[2] Ctr. for Int'l Envtl. Law, *Plastic and Health: The Hidden Cost of a Plastic Planet* 2 (Feb. 2019), https://www.ciel.org/wp-content/uploads/2019/02/Plastic-and-Health-The-Hidden-Costs-of-a-Plastic-Planet-February-2019.pdf.

[3] Ohio Environmental Protection Agency, Staff Determination For The Application To Construct Under The Prevention Of Significant Deterioration Regulations For PTTGC America Petrochemical Complex 18 (Oct. 19, 2018), http://wwwapp.epa.ohio.gov/dapc/permits_issued/1776368.pdf.

[4] Plastic and Climate, *supra* note 1, at 49.

[5] *See, e.g.*, Tom Sanzillo, et al., Institute for Energy Economics and Financial Analysis, *Proposed PTTGC Petrochemical Complex in Ohio Faces Significant Risks* 4-5 (Mar. 2020), https://ieefa.org/wp-content/uploads/2020/03/Proposed-PTTGC-Complex-in-OH-Faces-Risks_March-2020.pdf ("The project awaits [a Financial Investment Decision] by PTTGC, which has delayed its decision since 2016, but recently stated it will decide by the end of June 2020.").

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

communities' decisionmaking regarding economic development, allocation of public funds, and environmental protection. OVEC is especially interested and concerned about the PTTG complex because the project will be constructed in the Ohio River Valley, where many of OVEC's members reside.

6.      To date, DOE has not provided a final determination on OVEC's August 12, 2019 FOIA request. Nor has DOE produced any records in response to the Request or provided any date by which it will do so. As a result, DOE has violated FOIA's mandate that agencies must, absent unusual or exceptional circumstances, make a determination on a request within twenty working days and promptly release responsive records. *See* 5 U.S.C. § 552(a)(3)(A), (a)(6)(A)-(C).

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).

8.      Venue properly rests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in the District of Columbia.

9.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

10.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

11.     This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E)(i).

**PARTIES**

12.     Plaintiff OVEC is a 501(c)(3) nonprofit organization dedicated to improving and protecting the environment and communities in the Ohio River Valley, the region where the PTTG complex is slated to be constructed. One of OVEC's biggest strengths is its ability to compile and disseminate information to the general public and allied organizations in accessible and meaningful ways. Over its more than 30 years of existence, OVEC has developed an

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

extensive database of contact information for local, regional, national and international reporters, as well as documentary filmmakers and authors. OVEC issues press releases, provides contacts for interviews, conducts ground and air tours, and otherwise interacts with reporters on a regular basis. OVEC communicates with it members, allies and regional residents via e-mail action alerts, blog postings, factsheets, newsletters, mailings, short informational videos, and social media about environmental issues impacting the Ohio River Valley. OVEC also conducts phone calls, one-on-one visits with community members, and outreach meetings in communities in the Ohio River Valley, including communities that are impacted by the proposed PTTG complex. OVEC regularly relies on FOIA to obtain information that would be of interest to its constituents and the media.

13.     Defendant DOE is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and has possession or control of the records OVEC seeks in this action. DOE is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this Complaint.

## LEGAL BACKGROUND

14.     FOIA requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies. 5 U.S.C. § 552(a)(3)(A).

15.     FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA. Specifically, upon receiving a FOIA request, an agency has 20 working days to respond by determining whether responsive documents exist and whether the agency will release them. 5 U.S.C. § 552(a)(6)(A)(i)(I). This Circuit has held that such agency determinations require the agency to "(i) gather and review the documents; (ii) determine and communicate the scope of the agency's documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. v. Fed.*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

*Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW*"). An agency cannot fulfill its requirement to issue a timely determination "by simply stating its future intent to produce some non-exempt documents." *Id.* at 187.

16.     An agency may extend this 20-day period only in "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii), and only for a maximum of ten working days. 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.16(a).

17.     FOIA then requires agencies make responsive records "promptly available." 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i). Likewise, DOE's regulations require records be "made available promptly, when they are identified and determined to be nonexempt." 10 C.F.R. § 1004.7.

18.     If an agency determines that it will deny a FOIA request in whole or in part, the requester is entitled to administratively appeal the determination. 5 U.S.C. § 552(a)(6)(A)(ii); 10 C.F.R. § 1004.8(d)(3).

19.     If an agency withholds responsive records, in whole or in part, FOIA places the burden on the agency to prove that an exemption applies and that it outweighs FOIA's policy of disclosure. *See, e.g.*, 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). These exemptions are narrowly construed, and the agency bears the burden of establishing the applicability of each exemption as to each record for which it is claimed. *See Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011).

20.     Whenever an agency determines that a portion of a record should be withheld under one of FOIA's exemptions, the agency must still release to the public any portions of that record that contain "reasonably segregable" non-exempt information. 5 U.S.C. § 552(b).

21.     An agency's failure to comply with FOIA deadlines constitutes a constructive denial of a request, and the requester's administrative remedies are deemed exhausted for purposes of litigation. 5 U.S.C. § 552(a)(6)(C); *see also* 10 C.F.R. § 1004.5(d)(4). Under such

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

circumstances, the requestor may immediately commence litigation in district court to compel an adequate response from the agency. 5 U.S.C. § 552(a)(4)(B); 10 C.F.R. § 1004.5(d)(4).

22.     FOIA provides that U.S. district courts shall have jurisdiction "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

23.     FOIA permits the Court to "assess . . . reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E).

## FACTUAL BACKGROUND

24.     On August 12, 2019, OVEC submitted a FOIA request to DOE seeking "[a]ll records dated January 1, 2019 to the date DOE begins this search that relate to DOE support of PTT Global Chemical America's planned Belmont County, Ohio petrochemical facility, including records related to investment in, and financial backing of, the PTTG facility." Exhibit A at 3.[6] OVEC agreed to accept materials on a rolling basis. *Id.* at 7. OVEC also requested a public interest fee waiver. *Id.* at 5-8.

25.     On August 16, 2019, DOE acknowledged receipt of the Request and assigned it tracking number HQ-2019-01247-F. Exhibit C. In the acknowledgement letter, DOE noted that, for purposes of OVEC's requested fee waiver, "it has not yet been determined if search fees will exceed . . . the minimum amount at which DOE assesses fees. For this reason, a determination on the fee waiver has not been made." *Id.* at 3.

---

[6] OVEC initially attempted to send the Request on August 6, 2019, but the email address entered was incorrect. *See* Exhibit B. For this reason, the Request's date is April 6, 2019 (Exhibit A) and OVEC's April 21, 2020 letter notifying DOE of constructive exhaustion erroneously cites August 6, 2019 as the date OVEC sent the FOIA request. Exhibit K at 4.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

26.     On August 21, 2019, DOE FOIA officer Bhavesh Patel called OVEC's counsel to convey that Mr. Patel had identified six potential custodians of documents. Exhibit D. Mr. Patel further informed OVEC's counsel of the search terms he would use to return records. *Id.* Later on August 21, 2019, Mr. Patel memorialized the conversation in an email correspondence listing six potential document custodians and the search terms he would employ. Exhibit E.

27.     On information and belief, the six potential custodians Mr. Patel named are all high-ranking officials within the DOE, and some are political appointees. The custodians named are Steven Winberg, the Assistant Secretary for Fossil Energy;[7] Mark Maddox, Principal Deputy Assistant Secretary for Fossil Energy;[8] Kenneth Vincent, Fossil Energy Chief of Staff;[9] Kenneth Humphreys, Principal Deputy Assistant Secretary for Fossil Energy;[10] Michael Tadeo, Senior Advisor;[11] and Douglas Matheney, Senior Advisor.[12] *See* Exhibit E (naming potential document custodians).

28.     On September 29, 2019, OVEC's counsel emailed DOE seeking an update on the status of the Request. Exhibit F at 2. On September 30, 2019, Mr. Patel responded to OVEC's

---

[7] *Assistant Secretaries for Fossil Energy,* U.S. DEP'T. OF ENERGY, OFFICE OF FOSSIL ENERGY, https://www.energy.gov/fe/assistant-secretaries-fossil-energy (listing Steven Winberg as a presidential appointee, serving from November 2017 to the present).

[8] *Biography of Mark Maddox, Principal Deputy Assistant Secretary for Fossil Energy,* U.S. DEP'T. OF ENERGY, OFFICE OF FOSSIL ENERGY, https://www.energy.gov/fe/contributors/mark-maddox (listing Mark Maddox as Principal Deputy Assistant Secretary).

[9] Fossil Energy Organization Chart, U.S. DEP'T. OF ENERGY, OFFICE OF FOSSIL ENERGY (Mar. 2019), https://www.energy.gov/sites/prod/files/2019/03/f60/FE%20Org%20Chart%202019_March.pdf (listing Kenneth Vincent as Fossil Energy Chief of Staff).

[10] *Biography of Kenneth Humphreys, Principal Deputy Assistant Secretary for Fossil Energy*, U.S. DEP'T. OF ENERGY, OFFICE OF FOSSIL ENERGY, https://www.energy.gov/fe/contributors/kenneth-humphreys (listing Kenneth Humphreys as Principal Deputy Assistant Secretary for Fossil Energy).

[11] Fossil Energy Organization Chart, *supra* note 9 (listing Michael Tadeo as Senior Advisor).

[12] *Id.* (listing Douglas Matheney as Senior Advisor).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

counsel, writing that he conducted the search and would "reach out . . . in two weeks with an update." *Id.*

29.     On October 1, 2019, Mr. Patel called OVEC's counsel to convey that his search had yielded a return of 650 potentially responsive documents. Exhibit G. Mr. Patel noted that while a number of documents were publicly available documents, attachments, and newsletters, there were also emails involving the search terms. *Id.* He suggested that OVEC waive the publicly available documents, attachments, and newsletters in order to expedite review. *Id.* OVEC's counsel agreed to this suggestion. *Id.* Later, on October 1, 2019, Mr. Patel sent an email to OVEC referencing the phone conversation and confirming the agreement. Exhibit H. Mr. Patel noted that the waiver would serve to "expedite our response to your request" and that he would keep OVEC "updated to its status." *Id.*

30.     On November 14, 2019, OVEC's counsel emailed DOE seeking a status update on the responsive documents. Exhibit I. That same day, Mr. Patel wrote that he "finished reviewing all of the responsive documents. Currently, the document set is compiled and moving through the various stages of upper level review." *Id.* Mr. Patel also thanked OVEC for agreeing to waive certain documents "because that streamlined the process substantially." *Id.*

31.     On January 21, 2020, after months had passed without receiving any updates or responsive documents from DOE, OVEC's counsel emailed DOE requesting information on where DOE was in the process of reviewing and releasing documents. Exhibit J at 3.[13]

32.     On February 4, 2020, OVEC's counsel again emailed DOE seeking information on the status of the Request. *Id.* at 2. Later that day, DOE FOIA officer Mr. Michael L. Heise emailed OVEC to inform them that "Mr. Patel sent the responsive documents for *final review to a number of equities.* Although some have reviewed and responded back to Mr. Patel, there are a

---

[13] The email to FOIA officer Mr. Patel bounced back as undeliverable on January 21, 2020. Exhibit J at 3. Another DOE FOIA officer confirmed that Mr. Patel had left the agency. *Id.* at 2.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

few equities that have yet to respond back to us." *Id.* at 2 (emphasis added). Mr. Heise then promised to reach out to the non-responsive entities "to find out when I might receive a response." *Id.*

33. On April 21, 2020, after seven months passed with no determination and with no responsive documents provided, OVEC's counsel sent a letter to DOE alerting the agency of the above facts, and that OVEC now regarded the Request to have been constructively denied. Exhibit K at 2, 5-7. OVEC's counsel offered that "[i]n an effort to resolve this issue without litigation, we are willing to give DOE until May 5, 2020 to produce all responsive records." *Id.* at 6.

34. DOE did not respond to the April 21, 2020 letter. To date, OVEC has not received a determination, responsive documents, or any information on when DOE plans to fulfill its obligations under FOIA to respond to the Request.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Make a Determination on a FOIA Request, 5 U.S.C. § 552(a)(6)(A)

35. OVEC re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

36. OVEC properly requested records within DOE's control.

37. OVEC has a statutory right to a final determination on its Request from DOE in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A); *see also CREW*, 711 F.3d at 188.

38. OVEC has exhausted the applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

39. DOE violated FOIA by failing to issue a complete and timely determination within the timeframe mandated by FOIA.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Respond to a FOIA Request, 5 U.S.C. § 552(a)(3)(A), (a)(4)(E), (a)(6)(C)(i); 10 C.F.R. § 1004.7

40.     OVEC re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

41.     FOIA requires DOE to process the records request described herein and to promptly provide responsive records, or any reasonably segregable portions of responsive records, not subject to specified FOIA exemptions. 5 U.S.C. § 552(a)(3)(A); *see also* 10 C.F.R. § 1004.7.

42.     DOE violated FOIA when it failed to promptly disclose records, or to disclose reasonably segregable portions of lawfully exempt records, that are responsive to the Request.

43.     DOE has wrongfully withheld the requested records from OVEC.

44.     OVEC has exhausted the applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

45.     OVEC is entitled to obtain the requested records immediately at no cost.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff OVEC requests that this Court:

1.     Declare that Defendant DOE's failure to respond to Plaintiffs' FOIA requests, as alleged above, are unlawful under FOIA, 5 U.S.C. §§ 552(a)(6)(A), (a)(3)(A);

2.     Order that DOE provide a determination on OVEC's FOIA request as required under FOIA, 5 U.S.C. § 552(a)(6)(A);

3.     Order that DOE promptly make all responsive records—or reasonably segregable portions of lawfully exempt records—available to OVEC and at no cost to OVEC, 5 U.S.C. § 552(a)(3)(A);

10

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)

4.     Retain jurisdiction over this action to rule on any assertions by DOE that any responsive records, in whole or in part, are exempt from disclosure;

5.     Award OVEC their costs and reasonable attorneys' fees in pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

6.     Grant such other relief as the Court may deem just and proper.


Respectfully submitted on this 12th of June 2020,

*/s/ Corinne Van Dalen*
CORINNE VAN DALEN
D.C. Bar No. 458790
Earthjustice
900 Camp St., Unit 303
New Orleans, LA 70130
T: 415.283.2335
E: cvandalen@earthjustice.org

Victoria Bogdan Tejeda*
Earthjustice
48 Wall St., 19th Fl.
New York, NY 10005
T: 724.317.7029
E: vbogdantejeda@earthjustice.org
*(*pro hac vice* pending)

Megan M. Hunter*
Earthjustice
311 South Wacker Drive, Suite 1400
Chicago, IL 60606
T: 910.200.6130
E: mhunter@earthjustice.org
*(*pro hac vice* pending)

*Counsel for Plaintiff Ohio Valley Environmental Coalition*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
*Ohio Valley Environmental Coalition v. U.S. Department of Energy* (Case No. ___)