# Exhibit B

## Ilona Mantachian

| | |
|---|---|
| **From:** | Victoria Bogdan Tejeda |
| **Sent:** | Tuesday, August 6, 2019 9:05 AM |
| **To:** | FOIA-central@HQDOE.gov |
| **Cc:** | Victoria Bogdan Tejeda; Vivian Stockman; Adrienne Bloch; 'Evan Johns'; Dustin White |
| **Subject:** | FOIA Request: Information Related to DOE Support of the PTT Global Chemical America Complex in Ohio |
| **Attachments:** | 19 08 06 FOIA to DOE re PTTG.pdf |

Hello,

On behalf of Appalachian Mountain Advocates and the Ohio Valley Environmental Coalition, please find Earthjustice's FOIA request attached.

I'm available if you have questions or would like further clarification on the documents we're seeking. Thank you.

Victoria

Victoria Bogdan Tejeda
Associate Attorney
Earthjustice Northeast Office
48 Wall Street, 15th Floor
New York, NY 10005
T: 212.823.4990
F: 212.918.1556
Pronouns: she/her/hers
earthjustice.org




*The information contained in this email message may be privileged, confidential and protected from disclosure.*
*If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.*
*If you think that you have received this email message in error, please notify the sender by reply email and delete the message and any attachments.*




August 6, 2019

***<u>Sent via E-MAIL to FOIA-central@HQDOE.gov</u>***

FOIA Officer, Headquarters
United States Department of Energy
1000 Independence Avenue, SW
Mail Stop MA-46
Washington, DC 20585

**Re: Freedom of Information Act Request: Information Related to U.S. Department of Energy Support of the Belmont County, Ohio PTT Global Chemical America Complex and Associated Infrastructure**

Dear Freedom of Information Act Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Department of Energy's ("DOE") implementing regulations, 10 C.F.R. § 1004, Earthjustice, on behalf of Appalachian Mountain Advocates and the Ohio Valley Environmental Coalition ("OVEC") (collectively, "Requesters"), request the records ("Request") detailed below.

The purpose of this Request is to obtain records related to DOE support of the proposed PTT Global Chemical America ("PTTG") petrochemical facility in Belmont County, Ohio. Requesters seek a fee waiver for this FOIA Request.

**RECORDS REQUESTED**

In accordance with FOIA, Requesters are seeking all records dated January 1, 2019 to the date DOE begins this search that **relate to DOE support of PTTG's planned Belmont County, Ohio petrochemical facility, including records related to investment in, and financial backing of, the PTTG facility.**

The above request for records includes, but is not limited to, all records of communications between United States officials and PTTG, and/or any employee or representative of PTTG. This request does not exclude other records that, although not specifically requested, are reasonably related to the subject matter of this request.

The use of the term "records" herein means information and documents of any kind, including, but not limited to: documents (handwritten, typed, electronic, or otherwise produced, reproduced, or stored), letters, emails, facsimiles, memoranda, correspondence (included, but not limited to, inter and/or intra-agency correspondence as well as correspondence with entities or individuals acting on behalf of PTTG), notes, databases, drawings, diagrams, maps, graphs, charts, photographs, minutes of meetings, summaries of telephone conversations, notes and summaries of interviews, electronic and magnetic recordings of meetings, and any other compilation of data from which information can be obtained. Requesters seek all responsive records regardless of format, medium, or physical characteristics.

NORTHEAST 48 WALL STREET, 15TH FLOOR NEW YORK, NY 10005

T: 212.845.7376 F: 212.918.1556 NEOFFICE@EARTHJUSTICE.ORG WWW.EARTHJUSTICE.ORG

Please search all records regarding agency business, which may include files or emails in the personal custody of officials, such as personal email accounts. Records of official business conducted using unofficial systems or stored outside official files are subject to the Federal Records Act and FOIA. *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149-50 (D.C. Cir. 2016); *Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955-56 (D.C. Cir. 2016). Therefore, a production of responsive records should include records created by the individuals referenced above using services including, but not limited to: Google Chat, Google Hangout, Skype, IBM Sametime, Novell Groupwise Messenger, Facebook Messenger, iMessage and all other texting services, Short Message Service (SMS) and Multimedia Messaging Service on devices including but not limited to, Blackberry, Windows, Apple or Android devices; and Google Voice, Twitter Direct Message, Slack, WhatsApp, Pigeon, Yammer, Jive, and all other internal or external collaboration networks.

**PRESUMPTION OF DISCLOSURE**

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure and withhold information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law." FOIA Improvement Act of 2016, Pub. L. No. 114-185, § 2, 130 Stat. 539 (2016). We are therefore seeking full disclosure of all information in the requested records. If any information requested herein was, but is no longer, in DOE's possession or subject to its control, please state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others, or (d) is otherwise disposed of. In each instance, please explain the circumstances surrounding and authorization for such disposition, and state the date or approximate date of such disposition.

Further, agencies are advised to "make discretionary disclosures of information" and refrain from withholding records "merely because [they] can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption." Mem. from the Attorney Gen. to Heads of Exec. Dep'ts & Agencies (Mar. 19, 2009), https://www.justice.gov/sites/default/files/ag/legacy/2009/06/24/foia-memo-march2009.pdf. If you claim that any of the responsive records is exempt from mandatory disclosure, we respectfully request that you, per the direction provided in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974):

(1) Provide an index of all documents containing the requested information, reflecting the date, author, addressee, number of pages, and subject matter of such documents;

(2) State the exemption you deem to be applicable to each information request;

(3) State with particularity the reason why such exemption is applicable to each information request; and

(4) Exercise your discretion to release such records notwithstanding the availability of a basis for withholding.

If you do not use your discretion to release complete and unredacted records, please (a) examine each information request to determine if reasonably segregable non-exempt information exists that may be released after redacting information deemed to be exempt; and, (b) provide us with a copy of each record with redactions of only the information that you have determined to be properly withheld.

## FEE WAIVER REQUEST

FOIA was designed to provide citizens with a broad right to government records. FOIA's basic purpose is to "open agency action to the light of public scrutiny," with a focus on the public's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 773-74 (1989) (internal quotation marks and citations omitted). In order to fulfill this purpose, FOIA's fee waiver provision requires that documents "shall be furnished without any charge or at a [reduced] charge" if the request satisfies the standard. 5 U.S.C. § 552(a)(4)(A)(iii). Moreover, federal courts have held that FOIA "is to be liberally construed in favor of waivers for noncommercial requesters." *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Health & Human Servs.*, 481 F. Supp. 2d 99, 106 (D.D.C. 2006) (quoting *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987)).

Requesters ask for a fee waiver associated with processing this records request. As demonstrated below, Requesters fulfill the requisite criteria. All disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and disclosure is not primarily in the commercial interest of the Requesters. 5 U.S.C. § 552(a)(4)(A)(iii); 10 C.F.R. § 1004.9(a)(8).

### I. THIS REQUEST IS IN THE PUBLIC INTEREST.

According to the agency's regulations, "DOE will furnish documents without charge . . . if disclosure of the information is in the public interest." 10 C.F.R. § 1004.9(a)(8). To fulfill this requirement, disclosure must be "likely to contribute significantly to public understanding of the operations or activities of the government." *Id*. The four factors enumerated in the regulations for applying this requirement weigh in favor of the Requesters, as explained below.

#### A. Factor 1: The Requested Records Concern the "Operations or Activities" of the Federal Government.

A requesting group may be entitled to a fee waiver when the subject of the requested records concerns "the operations or activities of the government." *Id.* § 1004.9(a)(8)(i)(A). The instant Request meets this test. The Department of Energy's Office of Fossil Energy has spoken publicly about the petrochemical build-out in Appalachia, including the PTTG petrochemical facility. The use of DOE resources to facilitate the PTTG facility directly concerns the operations or activities of the federal government.

#### B. Factor 2: Disclosure of the Requested Records is "Likely to Contribute" to Public Understanding of Government Operations or Activities.

The next factor DOE considers is the informational "value of the information to be disclosed." 10 C.F.R. § 1004.9(a)(8)(i)(B). To satisfy this requirement, the records should be "likely to contribute" to an "understanding of government operations or activities." *Id.* (internal quotation marks omitted). This factor is satisfied here because at present, little is known publicly about DOE's role in supporting construction and financing of the PTTG facility. The records, therefore, are likely to contribute to an understanding of government operations and activities.

### C. Factor 3: Disclosure of the Requested Records Will Contribute to the Public's Understanding of the Subject

DOE next considers whether disclosure will contribute to "an understanding by the general public of the subject likely to result from disclosure." *Id.* § 1004.9(a)(8)(i)(C). Federal courts have held that public interest groups satisfy this requirement where they demonstrate an ability and intention to understand and disseminate the information. *Brunsilius v. U.S. Dep't of Energy*, 514 F. Supp. 2d 30, 35 (D.D.C. 2007); *Judicial Watch, Inc. v. Dep't of Justice*, 122 F. Supp. 2d 5, 10 (D.D.C. 2000).

Disclosure will contribute to the public's understanding because the Requesters, both non-profit organizations with broad communications reach and membership, have a demonstrated ability to understand and disseminate this type of information, and intend to do so here.

Earthjustice has ample mechanisms in place to share information obtained from the requested records with the general public and other interested organizations. For instance, Earthjustice publishes a quarterly print magazine with a circulation of approximately 100,000 people, and Earthjustice's communications department has a track record and well-established reputation for disseminating information, including to major media outlets. Earthjustice would work together with OVEC and Appalachian Mountain Advocates to share information obtained from this request with the media, as well as other advocacy groups and grassroots organizations with which Earthjustice routinely collaborates.

One of OVEC's biggest strengths is the group's ability to disseminate information to the general public and allied organizations in a manner that makes OVEC's reach greater than one would think due to the group's small size. Over its more than 30 years of existence, OVEC has developed an extensive database of contact information for local, regional, national and international reporters, as well as documentary filmmakers and authors. OVEC issues press releases and interacts with reporters on a regular basis. OVEC leads ground and air tours with reporters and connects them with locals who have information for the stories on which they are working. OVEC also conducts outreach meetings in communities in the Ohio River Valley. The group's website, ohvec.org, and its blog are sources of information for the general public. The group has an action alert with more than 1600 subscribers, and a Twitter and Facebook presence. OVEC intends to disseminate information obtained through this records request to its audience in order to better educate them about the proposed project and the status of its financing.

Appalachian Mountain Advocates has nearly 5,000 followers on social media platforms. The group shares information obtained through public records requests on Facebook and Twitter, among other platforms. Appalachian Mountain Advocates also works closely with other environmental organizations with robust communications teams in order to educate the public about relevant issues. The group intends to reach out to reporters at local outlets, such as the *Charleston Gazette-Mail*, with whom it has a relationship, in order to share information about this project in an effort to keep the public directly impacted by this proposed project informed and educated about its status.

**D. Factor 4: The Contribution to Public Understanding of Government Operations or Activities Will Be Significant.**

The fourth factor DOE considers is whether the records are "likely to contribute 'significantly' to public understanding of government operations or activities." 10 C.F.R. § 1004.9(a)(8)(i)(D); *see also Fed. CURE v. Lappin*, 602 F. Supp. 2d 197, 205 (D.D.C. 2009) (stating that the relevant test is whether public understanding will be increased after disclosure, as opposed to the public's understanding prior to the disclosure). This factor is satisfied when information is not currently available to the general public, and "dissemination of information . . . will enhance the public's understanding." *Fed. CURE*, 602 F. Supp. 2d at 205.

This Request satisfies this last factor. The PTTG facility is one of five proposed petrochemical plants in the Ohio Valley that would use byproducts from fracked gas to make plastic. Along with a large network of proposed fracked gas pipelines along the Ohio River, the plants would make up the nation's second largest petrochemical hub. The public—both regionally and nationwide—are increasingly interested in the PTTG facility and the petrochemical build-out. The requested records are not in the public domain and cannot be located on DOE's website or through internet searches. Thus, the public's understanding of DOE's operations or activities related PTTG is currently very limited, and there is no public understanding about the extent to which DOE has undertaken any efforts to support the PTTG Belmont County project. *See Cmty. Legal Servs. v. U.S. Dep't of Hous. & Urban Dev.*, 405 F.Supp.2d 553, 560 (E.D. Pa. 2005) (because requested documents "clarify important facts" about agency policy, "the CLS request would likely shed light on information that is new to the interested public."); *see also McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1286 (9th Cir. 1987) ("[FOIA] [l]egislative history suggests that information has more [potential to contribute to public understanding] to the degree that the information is new and supports public oversight of agency operations . . . .").

**II. REQUESTERS HAVE NO COMMERCIAL INTEREST IN DISCLOSURE OF THE REQUESTED RECORDS.**

Requesters are eligible for fee waivers so long as disclosure of the requested records are "not primarily in the commercial interest of the requester." 10 C.F.R. § 1004.9(a)(8)(ii). All three Requesters meet this criterion.

Earthjustice is a 501(c)(3) nonprofit organization. The requested records would be used only in furtherance of Earthjustice's mission to inform and protect the public on matters of vital importance to the environment and public health. As a result, the "existence and magnitude" of the commercial interest is nonexistent. *Id.* § 1004.9(a)(8)(ii)(A). A fee waiver is therefore appropriate.

OVEC, likewise, is a 501(c)(3) nonprofit organization. The requested records would be used only in furtherance of OVEC's mission is to organize and maintain a diverse grassroots organization dedicated to the improvement and preservation of the environment and communities through grassroots organizing, public education, coalition building, leadership development, strategic litigation, extensive media outreach, and the promotion of sustainable alternatives. As a result, the "existence and magnitude" of the commercial interest is nonexistent. *Id.*

Appalachian Mountain Advocates is also a 501(c)(3) nonprofit organization, and it would use the requested records only in furtherance of its mission to protect communities from environmental harm and advocate for a cleaner and more just electric system.

In sum, the Requesters qualify for a fee waiver. In the event that fees are not waived, please notify us and inform us of the basis for your decision.

**INSTRUCTIONS FOR RECORD DELIVERY**

Per FOIA and DOE regulations, we expect a reply within twenty working days. *See* 5 U.S.C. § 552(a)(6)(A)(i); 10 C.F.R. § 1004.5(d). At minimum, this reply "must . . . indicate within the relevant time period the scope of the documents [the agency] will produce." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013). To accelerate release of responsive records, we will accept materials on a rolling basis.

To the extent practicable, Requesters seek electronic copies of the above documents in native file format, or, if that is not practicable, with full metadata for all fields. *See* 5 U.S.C. § 552(a)(3)(B) ("agency shall provide the records in any form or format . . . if the record is readily reproducible by the agency in that form or format"). We would prefer prompt delivery via the FOIA Online system, email, or in PDF or TIF format on a USB drive.

Please send any responsive material to:

Victoria Bogdan Tejeda
Earthjustice
48 Wall St., 15th Floor
New York, NY 10005
vbogdantejeda@earthjustice.org

**CONCLUSION**

We appreciate your help in obtaining the requested information. If you need clarity on any part of this request, have any questions, or foresee any problems with fully releasing the requested records, please contact Victoria Bogdan Tejeda at vbogdantejeda@earthjustice.org or 212.823.4990. Also, if the Requesters' fee waiver is not granted in full, please contact us immediately upon making such a determination.

Thank you for your assistance in this matter.

Sincerely,

/s/ Victoria Bogdan Tejeda
Victoria Bogdan Tejeda
Associate Attorney
Earthjustice
48 Wall St., 15th Floor
New York, NY 10005